UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | Civil Action No.: 17-6910 (JLL) |
|---|---|
| Plaintiff, | OPINION |
| v. | |
| JEFFREY LAGOWITZ, | |
| Defendant. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff United States of America's ("the Government") motion for summary judgment, (ECF No. 22). *Pro se* Defendant Jeffrey Lagowitz has not opposed Plaintiff's motion. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Government's motion.

I. **BACKGROUND**[1]

The Government filed a lawsuit on September 8, 2017 against Jeffrey Lagowitz to collect on his unpaid income tax liabilities for the years 2005 to 2008, and 2010 to 2013. (Gov't 56.1 ¶ 1). The Government subsequently amended its complaint to add Lagowitz's tax liability for 2014.

---

[1] These background facts are taken from the Government's statement of undisputed material facts, pursuant to Local Civil Rule 56.1, (ECF No. 22-2 ("Gov't 56.1")). The Court notes that Defendant has not opposed the motion and has not submitted a corresponding responsive statement of material facts. Accordingly, the Court treats the statements contained in Gov't 56.1 as undisputed. *See* L. Civ. R. 56.1(a) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.")

(*Id.* ¶ 1). Lagowitz subsequently paid off his tax liabilities for the years 2005 through 2008, so this lawsuit now concerns only years 2010 through 2014. (*Id.* ¶ 4).

A delegate of the Secretary of the Treasury has made tax liability assessments against Lagowitz based on his self-reported income from his federal tax returns. (*Id.* ¶ 3). Those amounts, including accrued but not assessed penalties and interest as of October 1, 2018 are as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount of Assessment |
|---|---|---|---|
| Income (Form 1040) | 12/31/2010 | 12/26/2011 | $83,942.53 |
| Income (Form 1040) | 12/31/2011 | 2/13/2017 | $24,593.45 |
| Income (Form 1040) | 12/31/2012 | 2/27/2017 | $76,404.39 |
| Income (Form 1040) | 12/31/2013 | 3/06/2017 | $375,450.87 |
| Income (Form 1040) | 12/31/2014 | 10/09/2017 | $652,968.39 |
| **TOTAL: $1,213,359.63** | | | |

(*Id.* ¶¶ 4–5). Lagowitz has failed to pay the United States the amount owed under the tax assessment, and the Government is now moving for summary judgment to collect on that unpaid amount. (*Id.* ¶ 7; ECF No. 22). Lagowitz has made next to no effort to contest the Government's claims, however, the Court is aware of his *pro se* status, and has taken that into account when evaluating the Government's motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he moving party must show that the

non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding disputed issues of material fact, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

### III.     ANALYSIS

The Government argues that it has established a prima facie case of Lagowitz's liability that he has failed to rebut. The Court agrees. Tax "[a]ssessments are presumed to be valid, and establish a prima facie case of liability against a taxpayer." *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000). As mentioned above, Lagowtiz has made no effort to contest the tax assessment. Thus, he has failed to meet his burden of challenging the assessment. *United States v. Jones*, 877 F. Supp. 907, 913 (D.N.J. 1995) (noting that at the summary judgment stage, the defendant need only "establish the existence of a genuine issue of material fact with regard to the validity or correctness of the assessments"). Accordingly, the Court will grant the Government's motion for summary judgment requesting $1,213,359.63 in unpaid taxes, plus statutory interest accruing after October 1, 2018. (ECF No. 22).

## IV. CONCLUSION

For the aforementioned reasons, the Court grants Plaintiff's motion for summary judgment. An appropriate Order accompanies this Opinion.

DATED: February 11, 2019

JOSE L. LINARES
Chief Judge, United States District Court